## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **STC.UNM** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION 6:20-cv-00142-ADA** |
| | § | |
| **ASUSTEK COMPUTER INC.,** | § | |
| *Defendant.* | § | |
| | § | |

## ORDER GRANTING PLAINTIFF STC.UNM'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE

Came on for consideration this date the Motion of Plaintiff STC.UNM for leave to effect alternative service under Rule 4(f) of Federal Civil Procedure, filed on March 11, 2020. ECF No. 4. After careful consideration of the above briefing, the Court **GRANTS** STC.UNM's motion for leave to effect alternative service.

### I.     Factual Background and Procedural History

STC.UNM filed this lawsuit on February 24, 2020, against ASUSTek Computer Inc. ("ASUS") alleging infringement of U.S. Patent Nos. 8,249,204 ("'204 Patent"), 8,565,326 ("'326 Patent"), and 8,265,096 ("'096 Patent") (collectively, the "Patents-in-Suit"). Compl. ¶ 13, ECF No. 1. The title of the '204 Patent is "Apparatus and method for channel state information feedback." *Id.* at ¶ 16. The '204 Patent is "[a] method for a mobile station to provide to a base station feedback of channel state information (CSI) regarding a plurality of communication channels between the mobile station and the base station." '204 Patent Ex. A, ECF No. 1-2. The title of the '096 Patent is "Method for Constructing Frame Structures." Compl. ¶ 23, ECF. No. 1. The '096 Patent "generally relates to orthogonal frequency-division multiple access (OFDMA)

1

systems, and more particularly . . . relates to methods for constructing frame structures in OFDMA systems" '096 Patent Ex. B, ECF No. 1-3. The '326 Patent is titled "System and Method for Bit Allocation and Interleaving." Compl. ¶ 30, ECF No. 1. The '326 Patent is "[a] method for transmitting data represented by a plurality of coded bits" '326 Patent Ex. C, ECF No. 1-4.

STC.UNM alleges that ASUS "designs, manufactures, imports, uses, sells, offers for sale, and markets" infringing "communications equipment, networking devices, wireless receivers, extenders, adapters, and mesh systems." Compl. ¶ 37, ECF No. 1. STC.UNM filed a motion for leave to effect alternative service as ASUS is a corporation organized and existing under the laws of Taiwan and with its principal place of business in Taiwan. *Id.* at ¶ 9.

## II.    Legal Standard

When effectuating service on a defendant, due process requires that notice be "reasonably calculated, under all the circumstances, to inform interested parties of the pendency" of a proceeding. *In re Placid Oil Co.*, 753 F.3d 151, 154 (5th Cir. 2014) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). In accordance with due process, Federal Rule of Civil Procedure 4 permits service on foreign defendants "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" and "by other means not prohibited by international agreement, as the court orders." *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) (quoting FED. R. CIV. P. 4(f)(1), (3)).

For foreign countries without an international agreement, service can be effectuated in one of three manners. *Vista Peak Ventures, LLC v. GiantPlus Tech. Co., Ltd.*, No. 2:19-CV-00185, 2019 WL 4039917, at *2 (E.D. Tex. Aug. 27, 2019). First, the plaintiff may effect service

in a manner prescribed by the foreign country's law. *Id.* (referencing FED. R. CIV. P. 4(f)(2)(A)). Second, the plaintiff may effect service through a letter rogatory. *Id.* (referencing FED. R. CIV. P. 4(f)(2)(B)). Finally, the plaintiff may effect service by requesting the court clerk to mail service to the defendant, so long as the foreign country's law does not expressly prohibit it. *Id.* (referencing FED. R. CIV. P. 4(f)(2)(C)(ii)). Further, court-ordered service on the foreign defendant may be made on such defendant's domestic subsidiaries or domestic counsel. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010).

### III.    Analysis

ASUS is a Taiwanese corporation with its principal place of business in Taipei City, Taiwan. Pl.'s Mot. at 2, ECF No. 4. Since Taiwan is not a party to the Hague Convention, nor has the Court directed other means, subsections (1) and (3) of Rule 4(f) do not apply. *Vista Peak Ventures, LLC*, 2019 WL 4039917, at *2. Therefore, under subsection (2) of Rule 4(f), STC.UNM may effect service by requesting the court clerk to mail service to the defendant, as Taiwanese law does not prohibit service of process by mail. *Id.*

Further, ASUS operates in the United States through a California-based subsidiary named ASUS Computer International ("ASUS International"). Pl.'s Mot. at 2, ECF No. 4 (referencing Def.'s 2017 Ann. Report Ex. A, at 135, ECF No. 4-1); Def.'s Statement of Info. Ex. B, ECF No. 4-2. Because court-ordered service on the foreign defendant may be made on such defendant's domestic subsidiaries or domestic counsel, STC.UNM may also serve ASUS by effectuating service on ASUS International. *Abbyy Software House*, 626 F.3d at 1239. STC.UNM has identified ASUS International's registered agent for the service of process in Texas as Ct Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201. Tex. Sec'y of State Public Info. Report Ex. C, ECF No. 4-3.

**IV.     Conclusion**

As service via registered mail to ASUS and ASUS International is both reasonably calculated to inform ASUS of the pendency of this action and not prohibited by Taiwanese law, it is **ORDERED** that STC.UNM's may and will serve ASUS via the following methods:

(1) Sending the complaint and other required materials by a form of mail that the Clerk of this Court addresses that requires a signed receipt to ASUS's headquarters at No. 15, Li-Te Rd., Beitou District, Taipei City, Taiwan; and

(2) Sending the complaint and other required materials by a form of mail that the Clerk of this Court addresses that requires a signed receipt to the registered agent for service of process for ASUS International, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

**SIGNED** this 23rd day of June, 2020.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE